**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN F. PULLINS,

        Plaintiff,

vs.                                                             Case No.  3:12-cv-986-J-34JRK

CYNTHIA D. BRITTON, an individual,
et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. No. 2), which the Court construes as a Motion to Proceed In Forma Pauperis ("Motion"), filed September 5, 2012.  Simultaneously with the Motion, Plaintiff filed a Complaint (Doc. No. 1), which he later amended on September 28, 2012 (Doc. No. 8; "Amended Complaint").  Upon review of the Amended Complaint and the file, the undersigned recommends that this case be dismissed.

A court receiving an application to proceed in forma pauperis must dismiss the case sua sponte if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  With respect to frivolousness, the United States Supreme Court has recognized that "a litigant whose filing fees and court costs

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document.  Failure to file a timely objection waives a party's right to a de novo review.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Thus, the Court is empowered with the discretion to dismiss the action sua sponte if it is frivolous or malicious. See id. A complaint is frivolous when it lacks an arguable basis either in law or in fact. Id. at 325. Dismissal of a complaint pursuant to this principle should be ordered only if the complaint relies on clearly meritless legal theories, see id. at 327, or when the facts asserted therein "are 'clearly baseless,'" Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327).

With respect to whether a complaint "fails to state a claim on which relief may be granted," section 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Iqbal, 129 S. Ct. at 1949 (quotation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

Plaintiff's Amended Complaint names six Defendants: (1) The State of Florida Department of Revenue; (2) Jeffrey C. Peterson, an attorney for the Florida Department of

Revenue; (3) Cynthia D. Britton; (4) the Duval County Courthouse; (5) W. Gregg McCaulie, Circuit Judge in and for the Fourth Judicial Circuit of the State of Florida; and (6) Donald W. Matthews, Hearing Officer in and for the Fourth Judicial Circuit of the State of Florida. Although Plaintiff names these Defendants and alleges they violated his civil rights guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the Constitution, he essentially complains of their actions in relation to state court paternity and contempt proceedings. See generally Am. Compl. Plaintiff seeks for this Court to invalidate or declare void a final Order of paternity entered by the state court on February 3, 1998 and to stop all proceedings related thereto. See generally id.; see also id. at 14. Plaintiff also seeks injunctive and monetary relief against all Defendants. See id. at 13-14.

Plaintiff alleges–and the undersigned agrees–that the allegations of the instant action are "similar to a case recently dismissed by this [C]ourt (3:12-cv-409-[J]-25MCR)" ("First Action"). Am. Compl. at 7. In the First Action, Plaintiff sued two Defendants, both of whom are being sued in the instant action: Cynthia D. Britton and the State of Florida Department of Revenue. See Compl. (Doc. No. 1), filed April 12, 2012, First Action. Plaintiff's allegations in the First Action are practically identical to those in the instant action, with the caveats that Plaintiff has expanded his allegations and requests in the instant action and has named additional Defendants. Plaintiff's Complaint was dismissed and his in forma pauperis motion was denied in the First Action by the Honorable Henry Lee Adams, United States District Judge, on the bases of frivolity and failure to state a claim upon which relief may be granted. See Order (Doc. No. 6; "Dismissal Order"), entered May 1, 2012, First Action. In the Dismissal Order, Judge Adams found that Plaintiff had not properly established jurisdiction

in this Court simply by "[a]lleging the violation of U.S. Constitutional Amendments," that the action was barred by the Rooker-Feldman doctrine,[2] and that Plaintiff had not presented any viable constitutional violations. Id. at 4-5. After the dismissal, Plaintiff filed a "Motion to Set Aside Order and Motion for Leave to Submit Amended Complaint" (Doc. No. 7) in the First Action. Judge Adams denied Plaintiff's requested relief. See Order (Doc. No. 8), entered July 24, 2012, First Action. In so doing, Judge Adams found that "amendment to Plaintiff's Complaint would be futile." Id. at 3.

The instant action is an attempt to circumvent the rulings in the First Action. For the same reasons stated by Judge Adams, Plaintiff's Motion in this action should be denied and the action should be dismissed. In addition to those reasons, to the extent Plaintiff is now attempting to sue a state judge for monetary relief, the judge is absolutely immune from suit. See, e.g., Bolin v. Story, 225 F.3d 1234, 1239-40 (11th Cir. 2000) (stating "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction") (quotations and citations omitted).[3]

After due consideration, it is

**RECOMMENDED**:

---

[2] See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83 (1983). The Rooker-Feldman doctrine prohibits a district court from hearing "certain matters related to previous state court litigation." Jackson v. Blevins, 442 F. App'x 466, 468 (11th Cir. 2011) (unpublished) (citing Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001)).

[3] As the Court in Bolin recognizes, the judicial immunity doctrine does not necessarily protect against claims for injunctive relief. See Bolin, 225 F.3d at 1240 (citations omitted). For the reasons stated by Judge Adams, however, Plaintiff's claim for injunctive relief against all Defendants fails.

1. That the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. No. 2), which the Court construes as a Motion to Proceed In Forma Pauperis, be **DENIED**.

2. That this matter be **DISMISSED without prejudice** pursuant to 28 U.S.C.§ 1915(e)(2)(B).

3. That the Clerk of Court be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on December 10, 2012.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw

Copies to:

Honorable Marcia Morales Howard
United States District Judge

*Pro Se* Party